Scheidet v. Cambium Group, LLC, No. 78-3-13 Cacv (Teachout, J., Aug. 28, 2013)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Caledonia Unit** | **Docket No. 78-3-13 Cacv** |

**Tara Lynn Scheidet**
    **Plaintiff/Appellee**

   **v.**

**Cambium Group, LLC**
    **Defendant/Appellant**

### DECISION

### SMALL CLAIMS APPEAL

Defendant/Appellant Cambium Group, LLC appeals from a judgment issued by the Small Claims Court in favor of Plaintiff/Appellee Tara Lynn Scheidet on February 25, 2013. The Small Claims Court ruled that Cambium breached its contract to provide website design services for Ms. Scheidet and awarded damages to Ms. Scheidet in the amount of $4,078.75. On appeal, Cambium argues that Ms. Scheidet's lawsuit was precluded by the mediation provision contained in the parties' contract, that damages were specifically disclaimed by the contract, and that Cambium was deprived of due process because the Small Claims Court denied its counterclaim without allowing it to present any evidence.

In appeals from Small Claims Court, the Superior Court's review is based on the record below and is limited to questions of law. 12 V.S.A. § 5538; V.R.S.C.P. 10. This Court has reviewed the record of the hearing held in Small Claims Court and Cambium's memorandum of law. Ms. Scheidet did not submit any materials on appeal.

FACTS

The Small Claims Court found the following facts. In 2010, Cambium agreed to design and build three websites, a content management system for the websites, and a customer portal for Ms. Scheidet's bridal business. The parties signed a professional services agreement that outlined the scope of work to be performed, the costs for various portions, and the timeframe within which each portion was to be completed. The initial agreement, with additional optional content, ranged in price from $14,500.00 for basic services to roughly $16,000.00 with optional services included.

On July 15, 2011, the parties entered into a three-way contract with the Northern Community Investment Corporation (NCIC) that refined the scope of work to be performed. NCIC provided partial funding for the website project through a technical assistance grant. This agreement also called for Cambium to design a website and content management system for Ms.

Scheidet. The 2011 agreement was for the period beginning July 15, 2011 and ending December 31, 2011 and detailed the scope of services to be provided by Cambium. The cost of services was not to exceed $4,100.

The Small Claims Court found that Cambium failed to meet any of the deadline dates under the original professional services agreement. The website testing was to be performed from March 15 to March 25, 2011, but never occurred. The website was to be launched on March 30, but did not launch until the end of August. The Court found that the website provided to Ms. Scheidet by Cambium was not in accordance with the original agreement and was substantially unusable for its intended purpose as laid out in the scope of work.

The Small Claims Court further determined that Ms. Scheidet paid Cambium $5,000.00 for the website design and content management system for TaraLynnBridal.com, $2,500.00 for the creation of a "customer portal," and $60.00 per month for the hosting fee associated with maintaining the planned websites. It found that the remaining portions of the contract were cancelled before completion.

On June 22, 2012, Ms. Scheidet contracted with FLEK, Inc. to recreate the entire website by August 15, 2012 before the website's hosting fees had to be renewed. The Court found that Ms. Scheidet paid approximately $7,500.00 to Cambium for the incomplete work on the website, and $4,000.00 to FLEK, Inc. to replace the incomplete website designed by Cambium. It awarded $4,000.00 to Ms. Scheidet, representing the costs incurred to put her in the position she would have occupied had Cambium satisfactorily performed under the contract. The Court denied Cambium's counterclaim for unpaid invoices and for breach of the proprietary rights provision of the professional services agreement.

ANALYSIS

On appeal, Cambium presents three issues for the court to determine: (1) whether Ms. Scheidet's lawsuit was precluded by the mediation provision contained in the parties' contract; (2) whether the damages award was prohibited under the parties' contract; and (3) whether Cambium was deprived of due process when the Small Claims Court failed to acknowledge Defendant's evidence in its findings of fact and denied its counterclaim without allowing it to present any evidence.

Cambium did not raise its contractual defenses in its answer or at the small claims hearing. Its first two arguments therefore are waived. See *State v. Rideout*, 2007 VT 59A, ¶ 19, 182 Vt. 113 ("As a general rule, [the court] will not consider issues that were not raised with specificity and clarity at trial.").

Cambium's third claim has merit, however. This Court has reviewed the record of the November 14, 2012 hearing, which proceeded as follows. Ms. Scheidet first presented evidence in the form of her own testimony and documentary exhibits, including the parties' professional services agreement and addenda to those agreements. Ms. Scheidet's presentation of her case took up the bulk of the hearing.

Cambium's owner, Scott Wells, and its employee Sean Rolfe then testified. They denied that they had breached the contract and claimed that Ms. Scheidet had indicated that she was satisfied with their services. They testified that Ms. Scheidet did not pay them for $650 of extra

2

work that they performed. Mr. Wells offered the invoices for the unpaid amount into evidence as Defendant's Exhibit C. Mr. Wells then began to testify about his counterclaim for breach of the proprietary rights provision of the professional services agreement. The Court interrupted him and asked if Ms. Scheidet objected to Exhibit C. Ms. Scheidet objected that the contract was cancelled by the time the invoices were sent. The Court ruled that the invoices would be admitted. The Court then stated that it would take the matter under advisement and adjourned the hearing.

The record shows that Cambium was not given an opportunity to present any evidence or testimony regarding its counterclaim, and that the Court cut off Mr. Wells when he began to testify on that point. The oversight does not appear to have been intentional, but it represents a serious error in the proceeding. While small claims actions are conducted "in a summary manner," a litigant is still entitled to basic due process, including the right to present his or her own witnesses and exhibits. See V.R.S.C.P. 6(a); *Brault v. Town of Milton*, 527 F.2d 730, 738–39 (2d Cir. 1975) ("The court's function is to assure that no party will be deprived of property without satisfying the fundamentals of due process . . . ."). The Court's abrupt adjournment of the hearing in this case deprived Cambium of its right to present evidence regarding its counterclaim.

Moreover, the Court ultimately denied Cambium's counterclaim without analysis or explanation. Absent any factual or legal context for the Small Claims Court's denial of Cambium's counterclaim, this Court cannot determine whether that decision was valid. Thus, the case must be remanded for this reason. Upon remand, the Small Claims Court judge will also have an opportunity to clarify findings of fact with respect to the credibility of evidence presented by Defendant on the Plaintiff's claim.

Appellant requested that any further hearings be presided over by a "full time Judge." 12 V.S.A. § 5531(a) provides that where the plaintiff makes a claim for relief greater than $3,500.00, "the defendant shall have the right to request a special assignment of a judicial officer. Upon making this request, a superior judge or a member of the Vermont bar appointed pursuant to 4 V.S.A. § 22(b) shall be assigned to hear the action." In this case, no timely request was made prior to the scheduling of the hearing, and the case was scheduled before a duly authorized Assistant Judge. At this time, the case is being remanded for further proceedings before the same Assistant Judge who conducted the original hearing. This calls for a reopening of the same hearing. Defendant's request is too late in the proceeding for assignment of a judge pursuant to 12 V.S.A. § 5531(a).

ORDER

The Small Claims Court's denial of Cambium's counterclaim is reversed, and the case is remanded for the Court to take evidence and make findings regarding Defendant's counterclaim and clarify its use of Defendant's evidence in deciding the facts pertinent to Plaintiff's claim.

Dated at St. Johnsbury, Vermont this 28th of August, 2013.

_____
Mary Miles Teachout
Superior Court Judge